UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STEEL WORKERS AFL-CIO AND UNITED STEEL WORKERS AFL-CIO LOCAL 8363** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-7191** |
| **MURPHY OIL USA, INC.** | **SECTION: "S"(2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by plaintiffs, United Steel Workers AFL-CIO and United Steel Workers AFL-CIO Local 8363 (Doc. #12), is **GRANTED**, and the arbitration award at issue is vacated.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by defendant, Murphy Oil USA, Inc. (Doc. #14), is **DENIED**.

## BACKGROUND

This is an action to vacate a labor arbitration award. This court has jurisdiction under the Labor-Management Relations Act ("LRMA"), 289 U.S.C. § 185.

Plaintiffs, United Steel Workers AFL-CIO and United Steel Workers AFL-CIO Local 8363, and defendant, Murphy Oil USA, Inc. ("Murphy"), are signatories to a collective bargaining agreement ("CBA"), which, with some exceptions, was superceded contractually by the Facility

Restoration Act ("FRA"). The FRA was executed by the parties after Hurricane Katrina to accommodate unique personnel needs relative to massive repairs that were needed to Murphy's Meraux Refinery after the storm.

Article IX of the CBA, which contains the parties' dispute resolution procedure, was expressly incorporated into the FRA. Article IX provides that resolution of all disputes and grievances shall occur through a grievance/arbitration procedure.

On November 4, 2005, plaintiffs filed a grievance on behalf of five members of the union relative to Murphy's placement of these employees on leave of absence without pay. The parties selected Arbitrator Leonard C. Bajork ("Bajork"), and scheduled a hearing date.[1] On March 25, 2008, the day of the scheduled hearing, health problems prevented one of plaintiffs' principal witnesses from appearing. Because Bajork was already en route to New Orleans when he was notified of the problem, he held a conference with the parties. No witnesses testified, and no exhibits were introduced.

At the conference, the parties agreed that if Bajork found that the FRA gave Murphy the right to place the five incumbent employees on leave of absence without pay, he would issue an award in Murphy's favor without a hearing. However, if Bajork found that Murphy did not have the right to do so, he would convene an evidentiary hearing. Following the conference, the parties submitted memoranda.

---

[1] The first hearing was abandoned upon the sudden illness of defense counsel, and a new hearing date was scheduled.

On June 12, 2008, Bajork issued a written award in favor of plaintiffs. On June 20, 2008, Murphy's counsel wrote to Bajork and requested that he withdraw his award and reopen the matter because Bajork did not follow the agreement among the parties to hold a hearing if he did not find in Murphy's favor, and because his decision was rendered in violation of Murphy's right to present witnesses pursuant to Article IX of the CBA. On June 30, 2008, Murphy's counsel wrote a second letter to Bajork arguing that while Murphy agreed to participate in the March 25, 2008, conference, it did not do so in lieu of a hearing, and that Murphy never agreed to give up its right to call witnesses on its behalf.

On July 9, 2008, Bajork denied Murphy's request to reopen the matter because it "would... achieve no useful purpose."

Following the decision, Murphy did not reinstate the five employees. On July 10, 2008, Murphy filed an action in the United States District Court for the Eastern District of Louisiana to vacate the labor arbitration award, and the parties filed cross-motions for summary judgment. Murphy sought a vacatur of the arbitration award because it was denied its right to a hearing. Plaintiffs sought enforcement of the June 12, 2008, arbitration award. On March 4, 2009, this court granted Murphy's motion, and remanded the matter back to the arbitrator for the purpose of conducting a hearing in compliance with the FRA. The parties met for an arbitration hearing on June 16, 2009, and submitted post-hearing memoranda. On October 2, 2009, Bajork found in Murphy's favor.

On November 3, 2009, plaintiffs filed an action in the United States District Court for the Eastern District of Louisiana to vacate the labor arbitration award, and the parties filed cross-

3

motions for summary judgment. Plaintiffs seek vacatur of the arbitration award, claiming that Bajork deprived them of a fair and impartial hearing. They argue that Bajork engaged in actual bias and misconduct and failed to adequately disclose potential conflicts of interest.

Murphy seeks enforcement of the October 2, 2009, arbitration award. Murphy argues that the award draws its essence from the CBA and is entirely consistent with evidence in the record.

**ANALYSIS**

**I. Legal Standard for Summary Judgment**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## II. Judicial Review of Arbitration Awards

Judicial review of an arbitration award is "exceedingly deferential." American Laser Vision, PA v. Laser Vision Institute, LLC, 487 F.3d 255, 258 (5th Cir. 2007)(citing Kergosien v. Ocean Energy, Inc., 390 F.3d 346, 3521 (5th Cir. 2004). "Review of an arbitration award under both the LMRA and the [Federal Arbitration Act] remains extraordinarily narrow." Int'l Chem. Workers Union v. Columbian Chem. Co., 331 F.3d 491, 495 (5th Cir. 2003). The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, applies to individual arbitration agreements, and the federal court may rely on it for guidance for reviewing arbitration awards. Id. at 494. Under the FAA, a district court may vacate an award only if (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their power. Id. at 495. An additional ground for vacating an arbitration award is that in making the award, the arbitrator acted with manifest disregard for the law. Id.

"Where there is a CBA which is governed by the LMRA, 'courts have no business overruling [the Arbitrator] because their interpretation of the contract is different from [the arbitrator's]." Id. at 495 (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 80 S.Ct. 1358, 1362 (1960)). "'[A]n arbitrator is confined to interpretation and application of the [CBA]; he does not sit to dispense his own brand of industrial justice." Id. at 495 (quoting United Steelworkers, 80 S.Ct. 1358, 1361)). "'If we determine that the arbitrator has acted within the ambit of his authority as set by an arguable construction of the CBA, we have no authority to reconsider the merits of the arbitration

5

award, even if the parties argue that the award is based on factual errors or on misinterpretation of the CBA.'" Id. at 495 (quoting Weber Aircraft, Inc., 253 F.3d 821, 824 (5th Cir. 2001)).

The courts "do not look over the shoulder of the Arbitrator in order to alter his credibility decisions, rather we only consider whether the Arbitrator provided a fair and full hearing consistent with the FAA and the LMRA." Id. at 496. "A fundamentally fair hearing is one that meets the minimal requirements of fairness - adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 364 F.3d 274, 299 (5th Cir. 2004)(citations omitted).

### a.) Evident Partiality Standard

Plaintiffs argue Bajork deprived them of a fair and impartial hearing by failing to adequately disclose potential conflicts of interest and by engaging in actual bias and misconduct. Plaintiffs assert that Bajork conducted the arbitration hearing with evident partiality and impropriety. Plaintiffs contend that after the June 16, 2009, hearing, Bajork asked plaintiffs' attorney to pass along a message to the Texas Union Steel Worker's Local Union ("Texas Union") that he was "going after" that branch of the Union for charges in the amount of a $675 cancellation fee, and wanted assistance in recovering the charge. Plaintiffs further claim that Bajork followed this request with a statement indicating he was unsure how he was going to determine the pending case before him.

Plaintiffs requested that Bajork recuse himself from the case, however Bajork refused. Plaintiffs also assert that Bajork directly contacted a Murphy representative without counsel's knowledge, and attempted to make *ex parte* contact with plaintiffs without counsel present.

Further, plaintiffs argue that Bajork, in an email message, made *ex parte* contact with plaintiffs' counsel stating "we have a serious disagreement. I'm not in the business of losing." Another email to plaintiffs' counsel stated: "I suggest you back down in the interest of your client if you know anything about the arbitration procedure."

On November 3, 2009, plaintiffs filed a complaint to vacate Bajork's award due to partiality and misconduct. The Federal Mediation & Conciliation Service Arbitration Review Board ("the Board") met and determined that Bajork violated "Code of Professional Conduct," Section 2(B), but the Board did not invalidate the process or the award.

Murphy seeks to enforce the arbitration award as final and binding. It argues that both sides were properly permitted to present their full case and fully cross-examine all witnesses. Murphy also claims that Bajork's written award cites specific reasons for his conclusions which were not previously available for Bajork's initial ruling on the matter. Murphy further contends that Bajork's ruling is in order with the parties' labor agreement.

Murphy argues that the disagreement with the Texas Union is irrelevant to any bias because they predate the initial award, which was in favor of plaintiffs. Secondly, Murphy claims that Bajork's discussion with plaintiffs' counsel regarding fees occurred after the hearing concluded and the record was closed. It also contends that, while the Board found Bajork's actions as violating the Code of Professional Conduct, the Board did not invalidate the arbitration process or award granted. Finally, Murphy argues that the *ex parte* communications by Bajork were with both parties and their counsel *ex parte*, and both parties declined contact.

"Any tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias." Commonwealth Coatings Corp. v. Continental Cas. Co., 89 S.Ct. 337, 340 (1968). A court may vacate an arbitration award where there was evident partiality or corruption in the arbitrators. 9 U.S.C. § 10. The party seeking to vacate the award must prove the existence of facts that "establish a reasonable impression of partiality," however, the appearance of impropriety alone is not sufficient. Bernstein Seawell & Kove v. Bosarge, 813 F.2d 726, 732 (5th Cir.1987). "In nondisclosure cases, an award may not be vacated because of a trivial or insubstantial prior relationship between the arbitrator and the parties to the proceeding. The reasonable impression of bias standard is thus interpreted practically rather than with utmost rigor." Positive Software Solutions, Inc. v. New Century Mortgage Corporation, 476 F.3d 278, 283 (5th Cir. 2007).

Bajork's actions prior to this ruling in Murphy's favor establish partiality on the part of the arbitrator. Bajork admitted that he had prior business relationship with the Texas United Steel Workers Local Union but refused to recuse. Further, it was inappropriate for Bajork to request plaintiffs' counsel's assistance in recovering money from the Texas Union, and to imply that his decision in this case may depend on plaintiffs' counsel's compliance with the request. The Board found that Bajork's actions were unethical. Because arbitration is a means of alternative dispute resolution, it is crucial that arbitrators remain, and appear, completely unbiased. Bajork failed to do so. Therefore, the arbitration award must be vacated.

## CONCLUSION

**IT IS ORDERED** that the Motion for Summary Judgment filed by Union (Doc. #12) is hereby **GRANTED**, and the arbitration award at issue is vacated.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Murphy (Doc. #14) is hereby **DENIED.**

New Orleans, Louisiana, this   2nd   day of August, 2010.

*[signature]*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**